IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-127-FL

| | | |
|---|---|---|
| MYRA L. BRUNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 26, 28).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed an objection to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for supplemental security income on January 14, 2009, alleging disability beginning June 30, 2002. This application was denied initially and upon reconsideration. A hearing was held on September 14, 2010, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated October

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

12, 2010. The appeals council denied plaintiff's request for review on May 23, 2012, and plaintiff filed the instant action on June 29, 2012.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 14, 2009, the date of her application. At step two, the ALJ found that plaintiff had the following severe impairments: obesity, osteoarthritis, diabetes, arthritis of the knee, visual problems, and headaches. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform unskilled, light work, except that due to vertigo she cannot work at heights or around moving machinery, and that due to visual problems she is unable to read small print. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded plaintiff had no past relevant work. At step five, upon considering

3

plaintiff's age, education, work experience and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B.  Analysis

Plaintiff objects to the M&R's assessment of her claim that the ALJ failed to consider properly her heart condition as a severe impairment. In particular, she argues that the evidence required the ALJ to consider her heart condition as severe, and that the failure to do so cannot be considered harmless error. Upon *de novo* review of plaintiff's objection, the court concludes that plaintiff's objection should be overruled.

Under the multi-step disability evaluation process, a claimant bears the burden of showing that she has a "severe" impairment or combination of impairments, which is an "impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (quotations omitted); see SSR 85-28, 1985 WL 56856 *3.

Although the ALJ did not consider plaintiff's heart condition at step two of the analysis, this alleged error alone does not justify remand. As this court has previously noted, "where an ALJ nonetheless proceeds with the sequential evaluation upon the basis of other severe impairment(s), the failure to consider whether any other impairment also qualifies as 'severe' is harmless error." Prince v. Colvin, 5:11-CV-763-FL, 2013 WL 1786634, *2 (E.D.N.C. Apr. 25, 2013); see Morgan

4

v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) ("[R]eversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.") (citation omitted). In this case, the ALJ considered both plaintiff's severe impairments and other impairments in making an RFC determination. (Tr. 20-23). The ALJ specifically discussed the objective medical evidence regarding plaintiff's asserted heart condition. (Tr. 22). Accordingly, the ALJ's failure to consider plaintiff's heart condition at step two is harmless error.

Plaintiff suggests, nonetheless, that the ALJ did not properly consider the effects of her heart impairment in making the RFC determination. In reviewing an ALJ's RFC determination, the court does "not undertake to re-weigh conflicting evidence," but rather upholds the finding of the ALJ if it is supported by substantial evidence, being "more than a mere scintilla of evidence but . . . somewhat less than a preponderance." Craig, 76 F.3d at 589. "[T]he burden is on the claimant to furnish 'evidence supporting the existence of a condition and the effect of that condition on the claimant's ability to work on a sustained basis.'" Gatling v. Astrue, 2:11-CV-21-FL, 2012 WL 4357013, *5 (E.D.N.C. Sept. 21, 2012) (quoting Aytch v. Astrue, 686 F. Supp. 2d 590, 599 (E.D.N.C. 2010)).

The ALJ discussed several aspects of plaintiff's medical records related to her heart condition that undermined plaintiff's contention that her heart condition has an impact on her ability to work. In particular, the ALJ noted:

> [Plaintiff] was referred to a cardiologist for complaint of exertional shortness of breath, fatigue and chest pain. July 2010 records show . . . that the claimant had again not been taking her medication. She was encouraged to do so and to maintain a low fat, low cholesterol diet. . . . Notably, during a July 2010 cardiac evaluation, the claimant reported that she was independent in her activities of daily living. She engaged in no regular exercise regiment and smoked daily. . . . The cardiologist

5

recommended therapeutic lifestyle modification including low cholesterol, low saturated fat, low carbohydrate diets and regular physical activity."

(Tr. 22).

"[I]t was not improper for the ALJ to consider the level and type of treatment [claimant] claimant sought and obtained in determining the weight to accord her allegations" of impairment. Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (Luttig, J., concurring). Moreover, "[i]f a symptom can be reasonably controlled by medication or treatment, it not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986). And, "[i]n order to get benefits, [claimant] must follow treatment prescribed by [claimant's] physician if this treatment can restore [claimant's] ability to work." 20 C.F.R. § 404.1530. In this manner, evidence regarding plaintiff's heart condition properly was accounted for in making the RFC determination, where plaintiff had not been taking medication prescribed, where plaintiff had not exercised and had smoked daily, and where treatment prescribed was focused on lifestyle changes.

While plaintiff argues that the ALJ did not properly account for the impact of "shortness of breath" and physical discomfort upon activity, the ALJ in fact expressly noted that these symptoms were reported upon referral to the cardiologist. (Tr. 22). In light of the medical evaluation by the cardiologist, the assessment of plaintiff's activities, and the treatment prescribed, substantial evidence supported the ALJ's RFC determination over plaintiff's conflicting reports of symptoms. Where this court must not undertake to re-weigh competing evidence that the ALJ has described and considered in his decision, plaintiff's argument is without merit.

In sum, plaintiff's objection regarding the ALJ's consideration of her heart condition must be overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 26), GRANTS defendant's motion for judgment on the pleadings (DE 28), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED, this the 25th day of March, 2014.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge